1   **DURIE TANGRI LLP**
    DARALYN J. DURIE (SBN 169825)
2   ddurie@durietangri.com
    MARK A. LEMLEY (SBN 155830)
3   mlemley@durietangri.com
    217 Leidesdorff Street
4   San Francisco, CA 94111
    Telephone: (415) 362-6666
5   Facsimile: (415) 236-6300

6   **PAUL, WEISS, RIFKIND,**
    **WHARTON & GARRISON LLP**
7   KENNETH A. GALLO (*pro hac vice*)
    kgallo@paulweiss.com
8   2001 K. Street,. NW
    Washington, DC 20006
9   Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
10
    ERIC ALAN STONE (*pro hac vice*)
11  estone@paulweiss.com
    1285 Avenue of the Americas
12  New York, NY 10019-6064
    Telephone: (212) 373-3000
13  Facsimile: (212) 757-3990

14  Attorneys for GENENTECH, INC. and CITY OF
    HOPE
15
    *COUNSEL CONTINUED ON NEXT PAGE*
16

17

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

20                  **WESTERN DIVISION**

21

22
    | GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
23  
    | Plaintiffs, | ~~[PROPOSED]~~ STIPULATED PROECTIVE ORDER |
24  
    | v. | |
25  
    | GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., | Judge: Hon. Mariana R. Pfaelzer Ctrm: 12 |
26  
27  
    | Defendants. | |
28

| | | |
|---|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., | |
| 2 | Plaintiff, | |
| 3 | v. | Case No. 11-CV-06519 MRP (JEMx) |
| 4 | GENENTECH, INC. and CITY OF HOPE, | |
| 5 | | |
| 6 | Defendants. | |

| | | |
|---|---|---|
| 7 | HUMAN GENOME SCIENCES, INC., | |
| 8 | Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| 9 | v. | |
| 10 | GENENTECH, INC., and CITY OF | |
| 11 | HOPE, | |
| 12 | Defendants. | |

13  **SIMPSON THACHER & BARTLETT LLP**
14  HENRY B. GUTMAN (*pro hac vice*)
    hgutman@stblaw.com
15  NOAH M. LEIBOWITZ (*pro hac vice*)
    nleibowitz@stblaw.com
16  425 Lexington Avenue
17  New York, NY 10017-3954
    Telephone: (212) 455-2000
18  Facsimile: (212) 455-2502

19  HARRISON J. FRAHN IV (#206844)
    hfrahn@stblaw.com
20  2550 Hanover Street
    Palo Alto, CA 94303
21  Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
22
    Attorneys for HUMAN GENOME
23  SCIENCES, INC.

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Attorneys for GLAXO GROUP
LIMITED and
GLAXOSMITHKLINE LLC

24
25
26
27
28

1    The Court recognizes that at least some of the documents and
2    information ("materials") being sought through discovery in the above-captioned
3    actions ("Actions") are not publicly available and, for competitive reasons,
4    normally kept confidential by the parties. The parties have agreed to be bound by
5    the terms of this Protective Order ("Order") in these actions.
6    The materials to be exchanged throughout the course of the litigation
7    between the parties may contain trade secret or other confidential research,
8    technical, cost, price, marketing or other commercial information, as is contemplated
9    by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to
10   protect the confidentiality of such materials as much as practical during the
11   litigation. THEREFORE:

## DEFINITIONS

12   1.    The term "Confidential Information" shall mean and include
13   information contained or disclosed in any materials, including documents, portions
14   of documents, answers to interrogatories, responses to requests for admissions,
15   deposition testimony, and transcripts of depositions, including data, summaries, and
16   compilations derived therefrom that is deemed to be Confidential or Highly
17   Confidential by any party or non-party to which it belongs. For the avoidance of
18   doubt, the Confidential and Highly Confidential information of a non-party
19   produced in these Actions shall be afforded the same degree of protection from
20   disclosure as the Confidential and Highly Confidential information of the parties to
21   these Actions. Each party or non-party shall act in good faith, showing good cause,
22   in designating such information as Confidential or Highly Confidential.
23   2.    The term "materials" shall include, but shall not be limited to:
24   documents; correspondence; memoranda; bulletins; blueprints; protocols; data
25   compilations; patent applications; specifications; customer lists or other materials
26   that identify customers or potential customers; price lists or schedules or other
27   matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

1    contracts; invoices; drafts; books of account; worksheets; notes of conversations;

2    desk diaries; appointment books; expense accounts; recordings; photographs;

3    motion pictures; compilations from which information can be obtained and

4    translated into reasonably usable form through detection devices; sketches;

5    drawings; notes (including laboratory notebooks and records); reports; instructions;

6    disclosures; other writings; presentations; business practices; models and prototypes

7    and other physical objects.

8        3.    The term "counsel" shall mean outside counsel of record, and other

9    attorneys, paralegals, secretaries, and other support staff employed by the law firms

10    identified below or other persons hired or used by these firms for purpose of the

11    preparation and trial of these Actions, such as discovery vendors, mock jurors, and

12    trial and jury consultants:

13        Paul, Weiss, Rifkind, Wharton & Garrison LLP and Durie Tangri LLP,

14    counsel for Genentech, Inc. and City of Hope;

15        Mayer Brown LLP, counsel for GlaxoSmithKline LLC and Glaxo

16    Group Limited; and

17        Simpson Thacher & Bartlett LLP, counsel for Human Genome

18    Sciences, Inc.

19        "Counsel" also includes in-house litigation team members as follows:

20        Gregory Schetina and an attorney to-be-designated at a later date, in-

21    house attorneys for City of Hope, and their associated paralegals, secretaries, and

22    other support staff;

23        Laura Storto, Jeffrey Butler, in-house attorneys, and up to one

24    additional in-house attorney to be identified at a later date for Genentech, Inc. and

25    their associated paralegals, secretaries, and other support staff;

26        Charles Kinzig, Mark Rachlin, in-house attorneys, and up to one

27    additional in-house attorney to be identified at a later date for

28

[PROPOSED] STIPULATED PROTECTIVE ORDER<br>
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1   GlaxoSmithKline LLC and Glaxo Group Limited and their associated paralegals,

2   secretaries, and other support staff; and

3            Up to three in-house attorneys to be identified at a later date for

4   Human Genome Sciences, Inc. and their associated paralegals, secretaries, and

5   other support staff.

6            Notwithstanding the foregoing, during the pendency of these Actions

7   and for two (2) years following the exhaustion of all appeals thereof, the above-

8   identified in-house litigation team members shall not be involved in any of the

9   following activities:

10         (a)    competitive business decisions regarding the pricing or

11               marketing of present or future anti-BLyS antibody products (this

12               category does not include supervising litigation regarding the

13               same); or

14         (b)    preparation, prosecution, or appeal in the prosecution of any

15               foreign or domestic patent application related to methods of

16               manufacturing, purifying, or formulating monoclonal antibodies

17               (other than involvement in any reexamination, opposition, or

18               similar post-issuance proceedings (but not a reissue examination

19               within the first two years following any patent's issue date)

20               concerning U.S. Patent No. 6,331,415, U.S. Patent

21               No. 7,923,221, and their related patents and patent applications)

22               (the "Patent Prosecution Activities").

23            To clarify the meaning of "involved" as used in this Paragraph 3, no

24   party will contend that the in-house counsel designated under this Paragraph 3 are

25   "involved" in the Patent Prosecution Activities by virtue of their having formal

26   supervisory responsibility over other in-house counsel or patent agents involved in

27   the Patent Prosecution Activities, unless the in-house counsel designated under this

28   Paragraph 3 in fact exercise that responsibility to direct the preparation or

1  prosecution of specific patent applications relating to the Patent Prosecution

2  Activities.  Furthermore, no party will contend that in-house counsel is "involved"

3  in competitive business decisions by virtue of receiving reports or attending

4  executive management meetings.

5     The parties may, as necessary, substitute on a one-for-one basis other

6  in-house litigation team members meeting the above criteria for the above-listed

7  individuals, provided that the substituting party give the other parties seven (7)

8  business days notice prior to said substitution.

9            **GENERAL RULES**

10    4.  Each party, including non-parties, that produces or discloses any

11  materials, answers to interrogatories, responses to requests for admission, trial

12  testimony, deposition testimony, and transcripts of trial testimony and depositions,

13  or information that the producing party believes should be subject to this Protective

14  Order may designate the same as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL."

16      a.  Designation as "CONFIDENTIAL":  Any party, including non-

17        parties, may designate information as "CONFIDENTIAL" only

18        if, in the good faith belief of such party or non-party and its

19        counsel, the unrestricted disclosure of such information could be

20        potentially harmful to the business or operations of such party.

21      b.  Designation as "HIGHLY CONFIDENTIAL":  Any party or

22        non-party may designate information as "HIGHLY

23        CONFIDENTIAL" only if, in the good faith belief of such party

24        or non-party and its counsel, the information is among that

25        considered to be most sensitive by the party, including but not

26        limited to trade secrets or other highly sensitive research,

27        development, financial, strategic, or other commercial

28

1      information, the unrestricted disclosure of which could be

2      potentially harmful to the business or operations of such party.

3          5.    In the event the producing party elects to produce materials for

4 inspection, no marking need be made by the producing party in advance of the

5 initial inspection. For purposes of the initial inspection, all materials produced shall

6 be considered as "HIGHLY CONFIDENTIAL," and shall be treated as such

7 pursuant to the terms of this Order. Thereafter, upon selection of specified

8 materials for copying by the inspecting party, the producing party shall, within a

9 reasonable time prior to producing those materials to the inspecting party, mark the

10 copies of those materials that contain Confidential Information with the appropriate

11 confidentiality marking.

12          6.    Whenever a deposition taken on behalf of any party involves a

13 disclosure of Confidential Information of any party:

14          a.    said deposition or portions thereof shall be designated as

15      containing Confidential Information subject to the provisions of

16      this Order; such designation shall be made on the record

17      whenever possible, but a party may designate portions of

18      depositions as containing Confidential Information after

19      transcription of the proceedings; a party shall have until twenty

20      (20) days after receipt of the deposition transcript to inform the

21      other party or parties to these Actions of the portions of the

22      transcript designated "CONFIDENTIAL" or "HIGHLY

23      CONFIDENTIAL;"

24          b.    the producing party shall have the right to exclude from

25      attendance at said deposition, during such time as the

26      Confidential Information is to be disclosed, any person other

27      than the deponent, counsel (including their staff and associates),

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

5

1        the court reporter, and the person(s) agreed upon pursuant to

2        Paragraph 8 below; and

3     c.    the originals of said deposition transcripts and all copies thereof

4        shall bear the legend "CONFIDENTIAL" or "HIGHLY

5        CONFIDENTIAL" as appropriate, and the original or any copy

6        ultimately presented to a court for filing shall not be filed unless

7        it can be accomplished under seal, identified as being subject to

8        this Order, and protected from being opened except by order of

9        this Court.

10    7.    All Confidential Information designated as "CONFIDENTIAL" or

11 "HIGHLY CONFIDENTIAL" shall not be disclosed by the receiving party to

12 anyone other than those persons designated herein and shall be handled in the

13 manner set forth below and, in any event, shall not be used for any purpose other

14 than in connection with these Actions, unless and until such designation is removed

15 either by agreement of the parties, or by order of the Court.

16    8.    Information designated "HIGHLY CONFIDENTIAL" shall be viewed

17 only by Counsel (as defined in Paragraph 3) of the receiving party, and by

18 independent experts under the conditions set forth in this Paragraph. The right of

19 any independent expert to receive any Confidential Information shall be subject to

20 the advance approval of such expert by the producing party or by permission of the

21 Court. The party seeking approval of an independent expert shall provide the

22 producing party with the name and curriculum vitae of the proposed independent

23 expert, and an executed copy of the form attached hereto as Exhibit A, in advance

24 of providing any Confidential Information of the producing party to the expert.

25 Any objection by the producing party to an independent expert receiving

26 Confidential Information must be made in writing within ten (10) days following

27 receipt of the identification of the proposed expert. Confidential Information may

28 be disclosed to an independent expert if the ten (10) day period has passed and no

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1　objection has been made. The approval of independent experts shall not be
2　unreasonably withheld.

3　　　　9.　　Information designated "CONFIDENTIAL" shall be viewed only by
4　Counsel (as defined in Paragraph 3) of the receiving party, by independent experts
5　(pursuant to the terms of Paragraph 8), up to two attorneys to-be-designated at a
6　later date for Genentech, Inc., up to two attorneys to-be-designated at a later date
7　for City of Hope, William Han and Andrea Lockenour for GlaxoSmithKline and
8　Glaxo Group Limited, up to two attorneys to-be-designated at a later date for
9　Human Genome Sciences, Inc., and by the additional individuals listed below,
10　provided each such individual has read this Order in advance of disclosure and has
11　agreed in writing to be bound by its terms:

12　　　　　　a.　　Executives who are required to participate in policy decisions
13　　　　　　　　　with reference to these actions;
14　　　　　　b.　　Technical personnel of the parties with whom Counsel for the
15　　　　　　　　　parties find it necessary to consult, in the discretion of such
16　　　　　　　　　Counsel, in preparation for trial of these actions; and
17　　　　　　c.　　Stenographic and clerical employees associated with the
18　　　　　　　　　individuals identified above.

19　　　　10.　　With respect to material designated "CONFIDENTIAL" or "HIGHLY
20　CONFIDENTIAL" any person indicated on the face of the document to be its
21　originator, author or a recipient of a copy thereof, may be shown the same.

22　　　　11.　　A document that contains or reveals Confidential Information may be
23　copied by an independent commercial copying service, and an exhibit based upon
24　such a document may be prepared by an independent printer or illustrator.

25　　　　12.　　Confidential Information may be disclosed to official court personnel,
26　stenographic reporters, videographers and their respective assistants who are
27　engaged in such proceedings as are necessary for the preparation and trial of these
28　Actions.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

7

13.     All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in these Actions.

14.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.  The parties will follow and abide by applicable law, including relevant local rules, with respect to filing documents under seal in this Court.

15.     Any party may reasonably request, in writing, that a party filing or serving a paper in these actions, such as an expert report, dispositive motion, discovery motion, or similar paper, that is marked as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL shall produce to the other side a redacted copy of such paper, removing the Confidential Information, for use solely for the purposes of these litigations.  Such redacted copy shall be provided within five (5) calendar days of such request or otherwise at a date agreed upon by the parties.

16.     At any stage of these proceedings, any party may object to a designation of specific materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  In accordance with L.R. 37-1, the parties shall meet and confer in an attempt to resolve their dispute without involving the Court.  If the parties are unable to resolve their dispute on their own, they may seek the Court's involvement pursuant to L.R. 37-2.  The materials at issue shall be treated as Confidential Information, as designated by the

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

8

1  designating party, until the Court has ruled on the matter or the matter has been

2  otherwise resolved.

3      17.    All Confidential Information shall be held in confidence by those

4  inspecting or receiving it, and shall be used only for purposes of these Actions.

5  Counsel for each party, and each person receiving Confidential Information shall

6  take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

7  such information.  If Confidential Information is disclosed to any person other than

8  a person authorized by this Order, the party responsible for the unauthorized

9  disclosure must immediately bring all pertinent facts relating to the unauthorized

10  disclosure to the attention of the other parties and, without prejudice to any rights

11  and remedies of the other parties, make every effort to prevent further disclosure by

12  the party and by the person(s) receiving the unauthorized disclosure.

13      18.    No party shall be responsible to another party for disclosure of

14  Confidential Information under this Order if the information in question is not

15  labeled or otherwise identified as such in accordance with this Order.

16      19.    If a party, through inadvertence, produces any Confidential

17  Information without labeling or marking or otherwise designating it as such in

18  accordance with this Order, the designating party may give written notice to the

19  receiving party that the document or thing produced is deemed Confidential

20  Information, and that the document or thing produced should be treated as such in

21  accordance with that designation under this Order.  The receiving party must treat

22  the materials as confidential, once the designating party so notifies the receiving

23  party.  If the receiving party has disclosed the materials before receiving the

24  designation, the receiving party must notify the designating party in writing of each

25  such disclosure.  Counsel for the parties shall agree on a mutually acceptable

26  manner of labeling or marking the inadvertently produced materials such as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

28

20.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  An inadvertent production of any document that a producing party believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, shall not be deemed a waiver.  The producing party may give written notice to all receiving parties that the document or information inadvertently produced is privileged or otherwise protected.  Within ten (10) days of receipt of such written notice, all receiving parties shall immediately comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the original and all copies of the information, making their best efforts to destroy those portions of summaries or notes pertaining to the information identified as privileged and taking reasonable steps to retrieve the information if the party disclosed it before being notified except, however, that a party seeking to challenge the claim of privilege or protection may retain a single copy of the disputed information solely for the purpose of making that challenge.  If the Court denies the challenge, the party making the challenge has ten (10) days from receipt of the Order denying the challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the copy of the disputed information retained for the purpose of making the challenge.  If a receiving party wishes to challenge the claim of privilege or protection, no later than twenty (20) days from receiving the notice, it must initiate the process to move pursuant to Local Rule 37 to present the information, under seal, to the Court for a determination of the claim. The receiving party shall not rely upon the fact or circumstances of the production of the information in challenging the claim of privilege or protection.  No person or party shall incur any liability hereunder for any disclosure or filing of inadvertently disclosed documents when the disclosure occurred before receipt of notice of the inadvertent disclosure.

21.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to these Actions and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.     Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable. The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

25.     Upon final termination of these Actions, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Within sixty (60) days of the termination of these Actions, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location,

1  has been destroyed. Notwithstanding the foregoing, counsel for each party may

2  retain all pleadings, briefs, memoranda, motions, and other documents filed with

3  the Court that refer to or incorporate Confidential Information, and will continue to

4  be bound by this Order with respect to all such retained information. Further,

5  attorney work product materials that contain Confidential Information need not be

6  destroyed, but, if they are not destroyed, the person in possession of the attorney

7  work product will continue to be bound by this Order with respect to all such

8  retained information.

9      26.   The restrictions and obligations set forth herein shall not apply to any

10  information that: (a) the parties agree should not be designated Confidential

11  Information; (b) the parties agree, or the Court rules, is already public knowledge;

12  (c) the parties agree, or the Court rules, has become public knowledge other than as

13  a result of disclosure by the receiving party, its employees, or its agents in violation

14  of this Order; or (d) has come or shall come into the receiving party's legitimate

15  knowledge independently of the production by the designating party. Prior

16  knowledge must be established by pre-production documentation.

17      27.   The restrictions and obligations herein shall not be deemed to prohibit

18  discussions of any Confidential Information with anyone if that person already has

19  or obtains legitimate possession thereof.

20      28.   Confidential Information disclosed pursuant to this Order shall be used

21  by a receiving party solely for the purposes of these Actions. Confidential

22  Information disclosed pursuant to this Order shall not be used for any business or

23  competitive purposes. It shall be the duty of each party and each individual having

24  notice of this Order to comply with its terms from the time of such notice.

25      29.   In the event that counsel for a party deems it necessary to disclose any

26  Confidential Information to any person not contemplated in the preceding

27  Paragraphs, said counsel shall make a request to counsel for the producing party in

28  writing or on the record in a deposition or proceeding before the Court of the

Confidential Information sought to be disclosed, and shall attempt to reach agreement regarding such disclosure. Nothing in this Order shall prevent disclosure of such Confidential Information if the producing party consents, or if the Court, after notice to all parties, orders such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court, pursuant to Local Rule 37, to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

30.   In the event that a new party is added, substituted or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

31.   Non-parties who produce information in these Actions may avail themselves of the provisions of this Order by agreeing to be bound by its terms.

32.   In the event that a producing party's Confidential Information is sought from a receiving party by any person not a party to any of these Actions, by subpoena, by service with any legal process, by order or otherwise, prompt written notice shall be given to the party who produced the Confidential Information. Such notice shall include a copy of such subpoena, legal process or order. The producing party shall have ten (10) days from receipt of notice to object. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Nothing in this Order shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Order or to subject itself to penalties for non-compliance with any subpoena, legal process or order. Any persons seeking such Confidential Information who take action to enforce such subpoena or other legal process shall be apprised of this Order.

33.   Transmission by facsimile and/or e-mail is acceptable for all notification purposes herein.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

34.    This Order may be modified by agreement of the parties, subject to approval by the Court.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order.

DATED:  May 15, 2012                    **DURIE TANGRI LLP**


By:  */s/ Daralyn J. Durie*
          Daralyn J. Durie

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**


By:  */s/ Kenneth A. Gallo*
          Kenneth A. Gallo

Attorneys for GENENTECH, INC. and CITY OF HOPE

**MAYER BROWN LLP**


By:  */s/ Lisa M. Ferri*
          Lisa M. Ferri

Attorneys for GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC

**SIMPSON THACHER & BARTLETT LLP**


By:  */s/ Henry B. Gutman*
          Henry B. Gutman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for HUMAN GENOME
SCIENCES, INC.

# EXHIBIT A

1  **DURIE TANGRI LLP**
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   MARK A. LEMLEY (SBN 155830)
3  mlemley@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA 94111
   Telephone: (415) 362-6666
5  Facsimile: (415) 236-6300

6  **PAUL, WEISS, RIFKIND,**
   **WHARTON & GARRISON LLP**
7  KENNETH A. GALLO (*pro hac vice*)
   kgallo@paulweiss.com
8  2001 K. Street,. NW
   Washington, DC 20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10
   ERIC ALAN STONE (*pro hac vice*)
11 estone@paulweiss.com
   1285 Avenue of the Americas
12 New York, NY 10019-6064
   Telephone: (212) 373-3000
13 Facsimile: (212) 757-3990

14 Attorneys for GENENTECH, INC. and CITY OF
   HOPE
15
   *COUNSEL CONTINUED ON NEXT PAGE*
16

17              **UNITED STATES DISTRICT COURT**
18
                **CENTRAL DISTRICT OF CALIFORNIA**
19
                      **WESTERN DIVISION**
20

21 | GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
22 |  | |
23 | Plaintiffs, | **"EXHIBIT A" TO STIPULATED PROTECTIVE ORDER;** |
   | v. | |
24 |  | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
25 | GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., | |
26 |  | |
27 | Defendants. | Judge: Hon. Mariana R. Pfaelzer |
   |  | Ctrm: 12 |
28

---

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

| | |
|---|---|
| 1 | |
| 2 | HUMAN GENOME SCIENCES, INC., |
| 3 | Plaintiff, |
| | v. |
| 4 | GENENTECH, INC. and CITY OF HOPE, |
| 5 | |
| 6 | Defendants. |

Case No. 11-CV-06519 MRP (JEMx)

HUMAN GENOME SCIENCES, INC.,

Plaintiff,

v.

GENENTECH, INC., and CITY OF HOPE,

Defendants.

Case No. 11-CV-06594 MRP (JEMx)

13
**SIMPSON THACHER & BARTLETT LLP**
14
HENRY B. GUTMAN (*pro hac vice*)
hgutman@stblaw.com
15
NOAH M. LEIBOWITZ (*pro hac vice*)
16
nleibowitz@stblaw.com
425 Lexington Avenue
17
New York, NY 10017-3954
Telephone: (212) 455-2000
18
Facsimile: (212) 455-2502
19
HARRISON J. FRAHN IV (#206844)
hfrahn@stblaw.com
20
2550 Hanover Street
Palo Alto, CA 94303
21
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
22
23
Attorneys for HUMAN GENOME SCIENCES, INC.

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

Attorneys for GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC

24
25
26
27
28

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

I, _____, declare and say that:

1. I am employed as

_____ by

_____

_____.

2. I have read the Protective Order entered in the above-captioned matters and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of these matters.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information with anyone other than the persons described in Paragraphs 3, 8 and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on May 15, 2012 with a copy of this document via the Court's CM/ECF system.

_/s/ Daralyn J. Durie_
DARALYN J. DURIE

1    **DURIE TANGRI LLP**
     DARALYN J. DURIE (SBN 169825)
2    ddurie@durietangri.com
     MARK A. LEMLEY (SBN 155830)
3    mlemley@durietangri.com
     217 Leidesdorff Street
4    San Francisco, CA  94111
     Telephone: (415) 362-6666
5    Facsimile: (415) 236-6300

6    **PAUL, WEISS, RIFKIND,**
     **WHARTON & GARRISON LLP**
7    KENNETH A. GALLO (*pro hac vice*)
     kgallo@paulweiss.com
8    2001 K. Street,. NW
     Washington, DC 20006
9    Telephone: (202) 223-7300
     Facsimile: (202) 223-7420
10
     ERIC ALAN STONE (*pro hac vice*)
11   estone@paulweiss.com
     1285 Avenue of the Americas
12   New York, NY 10019-6064
     Telephone: (212) 373-3000
13   Facsimile: (212) 757-3990

14   Attorneys for GENENTECH, INC. and CITY OF
     HOPE
15

16   *COUNSEL CONTINUED ON NEXT PAGE*

17
18                **UNITED STATES DISTRICT COURT**

19                **CENTRAL DISTRICT OF CALIFORNIA**

                  **WESTERN DIVISION**
20

21

22
     | | |
     |---|---|
     | GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
     | Plaintiffs, | **[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER** |
     | v. | |
     | GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., | Judge:  Hon. Mariana R. Pfaelzer Ctrm:  12 |
     | Defendants. | |

23
24
25
26
27
28

1

2  | HUMAN GENOME SCIENCES, INC.,

3  |                        Plaintiff,                       Case No. 11-CV-06519 MRP (JEMx)

    |                 v.

4  | GENENTECH, INC. and CITY OF
    | HOPE,

5  |                        Defendants.

6

7  | HUMAN GENOME SCIENCES, INC.,

8  |                        Plaintiff,                       Case No. 11-CV-06594 MRP (JEMx)

9  |                 v.

10 | GENENTECH, INC., and CITY OF
    | HOPE,

11 |
    |                        Defendants.

12

13 | **SIMPSON THACHER &**                      **MAYER BROWN LLP**
    | **BARTLETT LLP**                          ELIZABETH MANN
14 | HENRY B. GUTMAN (*pro hac vice*)          emann@mayerbrown.com
    | hgutman@stblaw.com                        350 South Grand Avenue, 25th Floor
15 | NOAH M. LEIBOWITZ (*pro hac*              Los Angeles, CA  90071-1503
    | *vice*)                                   Telephone:  (213) 229-9500
16 | nleibowitz@stblaw.com                     Facsimile:  (213) 625-0248
    | 425 Lexington Avenue
17 | New York, NY 10017-3954                   LISA M. FERRI (*pro hac vice*)
    | Telephone: (212) 455-2000                LFerri@mayerbrown.com
18 | Facsimile: (212) 455-2502                 BRIAN W. NOLAN (*pro hac vice*)
    |                                           BNolan@mayerbrown.com
19 | HARRISON J. FRAHN IV (#206844)           RICHARD J. MCCORMICK (*pro hac*
    | hfrahn@stblaw.com                         *vice*)
20 | 2550 Hanover Street                       RMccormick@mayerbrown.com
    | Palo Alto, CA 94303                       1675 Broadway
21 | Telephone: (650) 251-5000                New York, NY  10019-5820
    | Facsimile: (650) 251-5002                Telephone:  (212) 506-2500
22 |                                           Facsimile:  (212) 262-1910
    | Attorneys for HUMAN GENOME
23 | SCIENCES, INC.                            Attorneys for GLAXO GROUP
    |                                           LIMITED and
24 |                                           GLAXOSMITHKLINE LLC

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

The parties having entered into a Stipulated Protective Order providing the terms and conditions for the confidentiality of all information, documents and other items subject to discovery in this action, a copy of which is attached hereto as Exhibit A, and for GOOD CASE SHOWN,

IT IS SO ORDERED this _17_ day of May, 2012.

Honorable Mariana R. Pfaelzer
United States District Court Judge

---

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on May 15, 2012 with a copy of this document via the Court's CM/ECF system.


_/s/ Daralyn J. Durie_
DARALYN J. DURIE

# EXHIBIT A

1
2
3
4
5

**DURIE TANGRI LLP**
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

6
7
8
9
10

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
KENNETH A. GALLO (*pro hac vice*)
kgallo@paulweiss.com
2001 K. Street,. NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

11
12
13

ERIC ALAN STONE (*pro hac vice*)
estone@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

14
15

Attorneys for GENENTECH, INC. and CITY OF HOPE

16

*COUNSEL CONTINUED ON NEXT PAGE*

17
18
19
20
21

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

22
23
24
25
26
27
28

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., <br><br> Defendants. | Case No. 11-CV-03065 MRP (JEMx) <br><br> **[PROPOSED] STIPULATED PROECTIVE ORDER** <br><br> Judge:  Hon. Mariana R. Pfaelzer <br> Ctrm:  12 |

---

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

| | |
|---|---|
| 1    HUMAN GENOME SCIENCES, INC., | |
| 2             Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| 3       v. | |
| 4    GENENTECH, INC. and CITY OF HOPE, | |
| 5             Defendants. | |

1   HUMAN GENOME SCIENCES, INC.,

2              Plaintiff,

3        v.                                 Case No. 11-CV-06519 MRP (JEMx)

4   GENENTECH, INC. and CITY OF
    HOPE,
5
               Defendants.
6
─────────────────────────────
7   HUMAN GENOME SCIENCES, INC.,

8              Plaintiff,                   Case No. 11-CV-06594 MRP (JEMx)

9        v.

10  GENENTECH, INC., and CITY OF
11  HOPE,

               Defendants.
12

13  **SIMPSON THACHER &**          **MAYER BROWN LLP**
    **BARTLETT LLP**                ELIZABETH MANN
14  HENRY B. GUTMAN (*pro hac vice*)  emann@mayerbrown.com
    hgutman@stblaw.com             350 South Grand Avenue, 25th Floor
15  NOAH M. LEIBOWITZ (*pro hac*   Los Angeles, CA  90071-1503
    *vice*)                         Telephone:  (213) 229-9500
16  nleibowitz@stblaw.com          Facsimile:   (213) 625-0248
    425 Lexington Avenue
17  New York, NY 10017-3954        LISA M. FERRI (*pro hac vice*)
    Telephone: (212) 455-2000      LFerri@mayerbrown.com
18  Facsimile: (212) 455-2502      BRIAN W. NOLAN (*pro hac vice*)
                                   BNolan@mayerbrown.com
19  HARRISON J. FRAHN IV (#206844)  RICHARD J. MCCORMICK (*pro hac*
    hfrahn@stblaw.com               *vice*)
20  2550 Hanover Street            RMccormick@mayerbrown.com
    Palo Alto, CA 94303            1675 Broadway
21  Telephone: (650) 251-5000      New York, NY  10019-5820
    Facsimile: (650) 251-5002      Telephone:  (212) 506-2500
22                                 Facsimile:   (212) 262-1910
    Attorneys for HUMAN GENOME
23  SCIENCES, INC.                 Attorneys for GLAXO GROUP
                                   LIMITED and
24                                 GLAXOSMITHKLINE LLC

25

26

27

28

1  The Court recognizes that at least some of the documents and
2  information ("materials") being sought through discovery in the above-captioned
3  actions ("Actions") are not publicly available and, for competitive reasons,
4  normally kept confidential by the parties.  The parties have agreed to be bound by
5  the terms of this Protective Order ("Order") in these actions.

6  The materials to be exchanged throughout the course of the litigation
7  between the parties may contain trade secret or other confidential research,
8  technical, cost, price, marketing or other commercial information, as is contemplated
9  by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to
10  protect the confidentiality of such materials as much as practical during the
11  litigation.  THEREFORE:

## DEFINITIONS

12  
13  1.  The term "Confidential Information" shall mean and include
14  information contained or disclosed in any materials, including documents, portions
15  of documents, answers to interrogatories, responses to requests for admissions,
16  deposition testimony, and transcripts of depositions, including data, summaries, and
17  compilations derived therefrom that is deemed to be Confidential or Highly
18  Confidential by any party or non-party to which it belongs.  For the avoidance of
19  doubt, the Confidential and Highly Confidential information of a non-party
20  produced in these Actions shall be afforded the same degree of protection from
21  disclosure as the Confidential and Highly Confidential information of the parties to
22  these Actions.  Each party or non-party shall act in good faith, showing good cause,
23  in designating such information as Confidential or Highly Confidential.
24  2.  The term "materials" shall include, but shall not be limited to:
25  documents; correspondence; memoranda; bulletins; blueprints; protocols; data
26  compilations; patent applications; specifications; customer lists or other materials
27  that identify customers or potential customers; price lists or schedules or other
28  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1

1  contracts; invoices; drafts; books of account; worksheets; notes of conversations;

2  desk diaries; appointment books; expense accounts; recordings; photographs;

3  motion pictures; compilations from which information can be obtained and

4  translated into reasonably usable form through detection devices; sketches;

5  drawings; notes (including laboratory notebooks and records); reports; instructions;

6  disclosures; other writings; presentations; business practices; models and prototypes

7  and other physical objects.

8      3.      The term "counsel" shall mean outside counsel of record, and other

9  attorneys, paralegals, secretaries, and other support staff employed by the law firms

10  identified below or other persons hired or used by these firms for purpose of the

11  preparation and trial of these Actions, such as discovery vendors, mock jurors, and

12  trial and jury consultants:

13          Paul, Weiss, Rifkind, Wharton & Garrison LLP and Durie Tangri LLP,

14  counsel for Genentech, Inc. and City of Hope;

15          Mayer Brown LLP, counsel for GlaxoSmithKline LLC and Glaxo

16  Group Limited; and

17          Simpson Thacher & Bartlett LLP, counsel for Human Genome

18  Sciences, Inc.

19          "Counsel" also includes in-house litigation team members as follows:

20          Gregory Schetina and an attorney to-be-designated at a later date, in-

21  house attorneys for City of Hope, and their associated paralegals, secretaries, and

22  other support staff;

23          Laura Storto, Jeffrey Butler, in-house attorneys, and up to one

24  additional in-house attorney to be identified at a later date for Genentech, Inc. and

25  their associated paralegals, secretaries, and other support staff;

26          Charles Kinzig, Mark Rachlin, in-house attorneys, and up to one

27  additional in-house attorney to be identified at a later date for

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1    GlaxoSmithKline LLC and Glaxo Group Limited and their associated paralegals,

2    secretaries, and other support staff; and

3            Up to three in-house attorneys to be identified at a later date for

4    Human Genome Sciences, Inc. and their associated paralegals, secretaries, and

5    other support staff.

6            Notwithstanding the foregoing, during the pendency of these Actions

7    and for two (2) years following the exhaustion of all appeals thereof, the above-

8    identified in-house litigation team members shall not be involved in any of the

9    following activities:

10           (a)    competitive business decisions regarding the pricing or

11                  marketing of present or future anti-BLyS antibody products (this

12                  category does not include supervising litigation regarding the

13                  same); or

14           (b)    preparation, prosecution, or appeal in the prosecution of any

15                  foreign or domestic patent application related to methods of

16                  manufacturing, purifying, or formulating monoclonal antibodies

17                  (other than involvement in any reexamination, opposition, or

18                  similar post-issuance proceedings (but not a reissue examination

19                  within the first two years following any patent's issue date)

20                  concerning U.S. Patent No. 6,331,415, U.S. Patent

21                  No. 7,923,221, and their related patents and patent applications)

22                  (the "Patent Prosecution Activities").

23           To clarify the meaning of "involved" as used in this Paragraph 3, no

24    party will contend that the in-house counsel designated under this Paragraph 3 are

25    "involved" in the Patent Prosecution Activities by virtue of their having formal

26    supervisory responsibility over other in-house counsel or patent agents involved in

27    the Patent Prosecution Activities, unless the in-house counsel designated under this

28    Paragraph 3 in fact exercise that responsibility to direct the preparation or

1   prosecution of specific patent applications relating to the Patent Prosecution

2   Activities.  Furthermore, no party will contend that in-house counsel is "involved"

3   in competitive business decisions by virtue of receiving reports or attending

4   executive management meetings.

5        The parties may, as necessary, substitute on a one-for-one basis other

6   in-house litigation team members meeting the above criteria for the above-listed

7   individuals, provided that the substituting party give the other parties seven (7)

8   business days notice prior to said substitution.

9                         **GENERAL RULES**

10   4.     Each party, including non-parties, that produces or discloses any

11   materials, answers to interrogatories, responses to requests for admission, trial

12   testimony, deposition testimony, and transcripts of trial testimony and depositions,

13   or information that the producing party believes should be subject to this Protective

14   Order may designate the same as "CONFIDENTIAL" or "HIGHLY

15   CONFIDENTIAL."

16        a.   Designation as "CONFIDENTIAL": Any party, including non-

17             parties, may designate information as "CONFIDENTIAL" only

18             if, in the good faith belief of such party or non-party and its

19             counsel, the unrestricted disclosure of such information could be

20             potentially harmful to the business or operations of such party.

21        b.   Designation as "HIGHLY CONFIDENTIAL": Any party or

22             non-party may designate information as "HIGHLY

23             CONFIDENTIAL" only if, in the good faith belief of such party

24             or non-party and its counsel, the information is among that

25             considered to be most sensitive by the party, including but not

26             limited to trade secrets or other highly sensitive research,

27             development, financial, strategic, or other commercial

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

4

1    information, the unrestricted disclosure of which could be

2    potentially harmful to the business or operations of such party.

3       5.    In the event the producing party elects to produce materials for

4    inspection, no marking need be made by the producing party in advance of the

5    initial inspection. For purposes of the initial inspection, all materials produced shall

6    be considered as "HIGHLY CONFIDENTIAL," and shall be treated as such

7    pursuant to the terms of this Order. Thereafter, upon selection of specified

8    materials for copying by the inspecting party, the producing party shall, within a

9    reasonable time prior to producing those materials to the inspecting party, mark the

10    copies of those materials that contain Confidential Information with the appropriate

11    confidentiality marking.

12       6.    Whenever a deposition taken on behalf of any party involves a

13    disclosure of Confidential Information of any party:

14          a.   said deposition or portions thereof shall be designated as

15    containing Confidential Information subject to the provisions of

16    this Order; such designation shall be made on the record

17    whenever possible, but a party may designate portions of

18    depositions as containing Confidential Information after

19    transcription of the proceedings; a party shall have until twenty

20    (20) days after receipt of the deposition transcript to inform the

21    other party or parties to these Actions of the portions of the

22    transcript designated "CONFIDENTIAL" or "HIGHLY

23    CONFIDENTIAL;"

24          b.   the producing party shall have the right to exclude from

25    attendance at said deposition, during such time as the

26    Confidential Information is to be disclosed, any person other

27    than the deponent, counsel (including their staff and associates),

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

5

1   the court reporter, and the person(s) agreed upon pursuant to

2   Paragraph 8 below; and

3   c.   the originals of said deposition transcripts and all copies thereof

4   shall bear the legend "CONFIDENTIAL" or "HIGHLY

5   CONFIDENTIAL" as appropriate, and the original or any copy

6   ultimately presented to a court for filing shall not be filed unless

7   it can be accomplished under seal, identified as being subject to

8   this Order, and protected from being opened except by order of

9   this Court.

10   7.   All Confidential Information designated as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL" shall not be disclosed by the receiving party to

12   anyone other than those persons designated herein and shall be handled in the

13   manner set forth below and, in any event, shall not be used for any purpose other

14   than in connection with these Actions, unless and until such designation is removed

15   either by agreement of the parties, or by order of the Court.

16   8.   Information designated "HIGHLY CONFIDENTIAL" shall be viewed

17   only by Counsel (as defined in Paragraph 3) of the receiving party, and by

18   independent experts under the conditions set forth in this Paragraph.  The right of

19   any independent expert to receive any Confidential Information shall be subject to

20   the advance approval of such expert by the producing party or by permission of the

21   Court.  The party seeking approval of an independent expert shall provide the

22   producing party with the name and curriculum vitae of the proposed independent

23   expert, and an executed copy of the form attached hereto as Exhibit A, in advance

24   of providing any Confidential Information of the producing party to the expert.

25   Any objection by the producing party to an independent expert receiving

26   Confidential Information must be made in writing within ten (10) days following

27   receipt of the identification of the proposed expert.  Confidential Information may

28   be disclosed to an independent expert if the ten (10) day period has passed and no

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

6

1  objection has been made.  The approval of independent experts shall not be

2  unreasonably withheld.

3    9.    Information designated "CONFIDENTIAL" shall be viewed only by

4  Counsel (as defined in Paragraph 3) of the receiving party, by independent experts

5  (pursuant to the terms of Paragraph 8), up to two attorneys to-be-designated at a

6  later date for Genentech, Inc., up to two attorneys to-be-designated at a later date

7  for City of Hope, William Han and Andrea Lockenour for GlaxoSmithKline and

8  Glaxo Group Limited, up to two attorneys to-be-designated at a later date for

9  Human Genome Sciences, Inc., and by the additional individuals listed below,

10  provided each such individual has read this Order in advance of disclosure and has

11  agreed in writing to be bound by its terms:

    a.   Executives who are required to participate in policy decisions with reference to these actions;

    b.   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of these actions; and

    c.   Stenographic and clerical employees associated with the individuals identified above.

19    10.    With respect to material designated "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL" any person indicated on the face of the document to be its

21  originator, author or a recipient of a copy thereof, may be shown the same.

22    11.    A document that contains or reveals Confidential Information may be

23  copied by an independent commercial copying service, and an exhibit based upon

24  such a document may be prepared by an independent printer or illustrator.

25    12.    Confidential Information may be disclosed to official court personnel,

26  stenographic reporters, videographers and their respective assistants who are

27  engaged in such proceedings as are necessary for the preparation and trial of these

28  Actions.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

13.     All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in these Actions.

14.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including relevant local rules, with respect to filing documents under seal in this Court.

15.     Any party may reasonably request, in writing, that a party filing or serving a paper in these actions, such as an expert report, dispositive motion, discovery motion, or similar paper, that is marked as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL shall produce to the other side a redacted copy of such paper, removing the Confidential Information, for use solely for the purposes of these litigations. Such redacted copy shall be provided within five (5) calendar days of such request or otherwise at a date agreed upon by the parties.

16.     At any stage of these proceedings, any party may object to a designation of specific materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. In accordance with L.R. 37-1, the parties shall meet and confer in an attempt to resolve their dispute without involving the Court. If the parties are unable to resolve their dispute on their own, they may seek the Court's involvement pursuant to L.R. 37-2. The materials at issue shall be treated as Confidential Information, as designated by the

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1   designating party, until the Court has ruled on the matter or the matter has been

2   otherwise resolved.

3       17.   All Confidential Information shall be held in confidence by those

4   inspecting or receiving it, and shall be used only for purposes of these Actions.

5   Counsel for each party, and each person receiving Confidential Information shall

6   take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

7   such information.  If Confidential Information is disclosed to any person other than

8   a person authorized by this Order, the party responsible for the unauthorized

9   disclosure must immediately bring all pertinent facts relating to the unauthorized

10  disclosure to the attention of the other parties and, without prejudice to any rights

11  and remedies of the other parties, make every effort to prevent further disclosure by

12  the party and by the person(s) receiving the unauthorized disclosure.

13      18.   No party shall be responsible to another party for disclosure of

14  Confidential Information under this Order if the information in question is not

15  labeled or otherwise identified as such in accordance with this Order.

16      19.   If a party, through inadvertence, produces any Confidential

17  Information without labeling or marking or otherwise designating it as such in

18  accordance with this Order, the designating party may give written notice to the

19  receiving party that the document or thing produced is deemed Confidential

20  Information, and that the document or thing produced should be treated as such in

21  accordance with that designation under this Order.  The receiving party must treat

22  the materials as confidential, once the designating party so notifies the receiving

23  party.  If the receiving party has disclosed the materials before receiving the

24  designation, the receiving party must notify the designating party in writing of each

25  such disclosure.  Counsel for the parties shall agree on a mutually acceptable

26  manner of labeling or marking the inadvertently produced materials such as

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

28

Case 2:11-cv-03065-MRP-JEM   Document 86   Filed 05/17/12   Page 39 of 49   Page ID #:1214
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 13 of 23   Page ID
#:754

1      20.    Nothing herein shall prejudice the right of any party to object to the

2    production of any discovery material on the grounds that the material is protected as

3    privileged or as attorney work product.  An inadvertent production of any document

4    that a producing party believes is immune from discovery pursuant to any attorney-

5    client privilege, attorney work product immunity or any other privilege or immunity

6    from production, shall not be deemed a waiver.  The producing party may give

7    written notice to all receiving parties that the document or information inadvertently

8    produced is privileged or otherwise protected.  Within ten (10) days of receipt of

9    such written notice, all receiving parties shall immediately comply with Federal

10    Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the original and all

11    copies of the information, making their best efforts to destroy those portions of

12    summaries or notes pertaining to the information identified as privileged and taking

13    reasonable steps to retrieve the information if the party disclosed it before being

14    notified except, however, that a party seeking to challenge the claim of privilege or

15    protection may retain a single copy of the disputed information solely for the

16    purpose of making that challenge.  If the Court denies the challenge, the party

17    making the challenge has ten (10) days from receipt of the Order denying the

18    challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning

19    or destroying the copy of the disputed information retained for the purpose of

20    making the challenge.  If a receiving party wishes to challenge the claim of

21    privilege or protection, no later than twenty (20) days from receiving the notice, it

22    must initiate the process to move pursuant to Local Rule 37 to present the

23    information, under seal, to the Court for a determination of the claim. The receiving

24    party shall not rely upon the fact or circumstances of the production of the

25    information in challenging the claim of privilege or protection.  No person or party

26    shall incur any liability hereunder for any disclosure or filing of inadvertently

27    disclosed documents when the disclosure occurred before receipt of notice of the

28    inadvertent disclosure.

21.    Nothing in this Order shall bar counsel from rendering advice to their clients with respect to these Actions and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22.    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23.    Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.    Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable.  The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

25.    Upon final termination of these Actions, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Within sixty (60) days of the termination of these Actions, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location,

1   has been destroyed.  Notwithstanding the foregoing, counsel for each party may

2   retain all pleadings, briefs, memoranda, motions, and other documents filed with

3   the Court that refer to or incorporate Confidential Information, and will continue to

4   be bound by this Order with respect to all such retained information.  Further,

5   attorney work product materials that contain Confidential Information need not be

6   destroyed, but, if they are not destroyed, the person in possession of the attorney

7   work product will continue to be bound by this Order with respect to all such

8   retained information.

9        26.    The restrictions and obligations set forth herein shall not apply to any

10   information that:  (a) the parties agree should not be designated Confidential

11   Information; (b) the parties agree, or the Court rules, is already public knowledge;

12   (c) the parties agree, or the Court rules, has become public knowledge other than as

13   a result of disclosure by the receiving party, its employees, or its agents in violation

14   of this Order; or (d) has come or shall come into the receiving party's legitimate

15   knowledge independently of the production by the designating party.  Prior

16   knowledge must be established by pre-production documentation.

17        27.    The restrictions and obligations herein shall not be deemed to prohibit

18   discussions of any Confidential Information with anyone if that person already has

19   or obtains legitimate possession thereof.

20        28.    Confidential Information disclosed pursuant to this Order shall be used

21   by a receiving party solely for the purposes of these Actions.  Confidential

22   Information disclosed pursuant to this Order shall not be used for any business or

23   competitive purposes.  It shall be the duty of each party and each individual having

24   notice of this Order to comply with its terms from the time of such notice.

25        29.    In the event that counsel for a party deems it necessary to disclose any

26   Confidential Information to any person not contemplated in the preceding

27   Paragraphs, said counsel shall make a request to counsel for the producing party in

28   writing or on the record in a deposition or proceeding before the Court of the

1    Confidential Information sought to be disclosed, and shall attempt to reach
2    agreement regarding such disclosure. Nothing in this Order shall prevent disclosure
3    of such Confidential Information if the producing party consents, or if the Court,
4    after notice to all parties, orders such disclosure. If agreement cannot be reached,
5    the party seeking to make the disclosure shall move the Court, pursuant to Local
6    Rule 37, to rule as to whether such disclosure may be made and whether any
7    restrictions or limitations should be placed on such disclosure. No disclosure shall
8    be made until such motion is decided in favor of the movant.

9        30.    In the event that a new party is added, substituted or brought in, this
10   Order will be binding on and inure to the benefit of the new party, subject to the
11   right of the new party to seek relief from or modification of this Order.

12       31.    Non-parties who produce information in these Actions may avail
13   themselves of the provisions of this Order by agreeing to be bound by its terms.

14       32.    In the event that a producing party's Confidential Information is
15   sought from a receiving party by any person not a party to any of these Actions, by
16   subpoena, by service with any legal process, by order or otherwise, prompt written
17   notice shall be given to the party who produced the Confidential Information. Such
18   notice shall include a copy of such subpoena, legal process or order. The producing
19   party shall have ten (10) days from receipt of notice to object. Nothing in this
20   Order shall be construed as authorizing a party to disobey a lawful subpoena issued
21   in another action. Nothing in this Order shall be construed as requiring anyone
22   covered by this Order to contest a subpoena or other process, to appeal any order
23   requiring production of Confidential Information covered by this Order or to
24   subject itself to penalties for non-compliance with any subpoena, legal process or
25   order. Any persons seeking such Confidential Information who take action to
26   enforce such subpoena or other legal process shall be apprised of this Order.

27       33.    Transmission by facsimile and/or e-mail is acceptable for all
28   notification purposes herein.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

13

34. This Order may be modified by agreement of the parties, subject to approval by the Court.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order.

DATED: May 15, 2012                **DURIE TANGRI LLP**


By: _/s/ Daralyn J. Durie_____
       Daralyn J. Durie

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _/s/ Kenneth A. Gallo_____
       Kenneth A. Gallo

Attorneys for GENENTECH, INC. and CITY OF HOPE

**MAYER BROWN LLP**

By: _/s/ Lisa M. Ferri_____
       Lisa M. Ferri

Attorneys for GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC

**SIMPSON THACHER & BARTLETT LLP**

By: _/s/ Henry B. Gutman_____
       Henry B. Gutman

1

2     Attorneys for HUMAN GENOME
      SCIENCES, INC.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

**EXHIBIT A**

1    **DURIE TANGRI LLP**
     DARALYN J. DURIE (SBN 169825)
2    ddurie@durietangri.com
     MARK A. LEMLEY (SBN 155830)
3    mlemley@durietangri.com
     217 Leidesdorff Street
4    San Francisco, CA 94111
     Telephone: (415) 362-6666
5    Facsimile: (415) 236-6300

6    **PAUL, WEISS, RIFKIND,**
     **WHARTON & GARRISON LLP**
7    KENNETH A. GALLO (*pro hac vice*)
     kgallo@paulweiss.com
8    2001 K. Street,. NW
     Washington, DC 20006
9    Telephone: (202) 223-7300
     Facsimile: (202) 223-7420
10
     ERIC ALAN STONE (*pro hac vice*)
11   estone@paulweiss.com
     1285 Avenue of the Americas
12   New York, NY 10019-6064
     Telephone: (212) 373-3000
13   Facsimile: (212) 757-3990

14   Attorneys for GENENTECH, INC. and CITY OF
     HOPE
15
     *COUNSEL CONTINUED ON NEXT PAGE*
16

17               **UNITED STATES DISTRICT COURT**

18               **CENTRAL DISTRICT OF CALIFORNIA**

19                      **WESTERN DIVISION**

20

21   | GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
22   
     |                                   |                                |
     | Plaintiffs,                       | **"EXHIBIT A" TO STIPULATED**   |
23   |                                   | **PROTECTIVE ORDER;**           |
     | v.                                |                                |
24   |                                   | **AGREEMENT TO BE BOUND BY**    |
     | GLAXO GROUP LIMITED,              | **PROTECTIVE ORDER**            |
25   | GLAXOSMITHKLINE LLC, and          |                                |
     | HUMAN GENOME SCIENCES, INC.,      |                                |
26   |                                   |                                |
     | Defendants.                       | Judge: Hon. Mariana R. Pfaelzer  |
27   |                                   | Ctrm: 12                         |

28

     ───────────────────────────────────────────────
     AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
     Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

| | | |
|---|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., | |
| 2 | Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| 3 | v. | |
| 4 | GENENTECH, INC. and CITY OF HOPE, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | HUMAN GENOME SCIENCES, INC., | |
| 8 | Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| 9 | v. | |
| 10 | GENENTECH, INC., and CITY OF HOPE, | |
| 11 | | |
| 12 | Defendants. | |

13  **SIMPSON THACHER & BARTLETT LLP**
14  HENRY B. GUTMAN (*pro hac vice*)
    hgutman@stblaw.com
15  NOAH M. LEIBOWITZ (*pro hac vice*)
16  nleibowitz@stblaw.com
    425 Lexington Avenue
17  New York, NY 10017-3954
    Telephone: (212) 455-2000
18  Facsimile: (212) 455-2502

19  HARRISON J. FRAHN IV (#206844)
    hfrahn@stblaw.com
20  2550 Hanover Street
    Palo Alto, CA 94303
21  Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
22
    Attorneys for HUMAN GENOME
23  SCIENCES, INC.
24
25
26
27
28

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:  (212) 506-2500
Facsimile:   (212) 262-1910

Attorneys for GLAXO GROUP
LIMITED and
GLAXOSMITHKLINE LLC

I, _____, declare and say that:

1. I am employed as

_____ by

_____

_____ .

2. I have read the Protective Order entered in the above-captioned matters and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of these matters.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information with anyone other than the persons described in Paragraphs 3, 8 and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1

**CERTIFICATE OF SERVICE**

2     I certify that all counsel of record is being served on May 15, 2012 with a

3   copy of this document via the Court's CM/ECF system.

4

5

6                                         */s/ Daralyn J. Durie*
                                          DARALYN J. DURIE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)